## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**ALEXANDER STEWART**                                        **PETITIONER**
**ADC # 129524**

     **VS.**     **Case No. 5:05cv00351 BD**

**LARRY NORRIS, Director**
**Arkansas Department of Correction**                        **RESPONDENT**


## ORDER

I.    Background:

     Petitioner Alexander Stewart was convicted of rape after a jury trial in the Circuit

Court of Pulaski County, Arkansas and was sentenced to twelve years in prison.  At the

time of the rape, Petitioner was serving five years' probation after pleading guilty to a

charge of sexual abuse in the first degree.  After the jury trial on the rape charge, the

Circuit Court held a probation revocation hearing and found that Petitioner had violated

the conditions of his probation by committing the offense of rape.  The Circuit Court

sentenced petitioner to five years in prison for violating the conditions of his probation.

The Arkansas Court of Appeals affirmed the conviction and the probation revocation.

*Stewart v. State*, 88 Ark. App. 110, 114  (2004).  The Arkansas Supreme Court denied

review by *per curiam* order on December 16, 2004.  In this habeas corpus action brought

under 28 U.S.C. § 2254, Petitioner claims that he was denied his Fourteenth Amendment

due process rights because there was not sufficient evidence produced at trial to support

1

the state court rape conviction or at the probation revocation hearing to support the revocation of his probation.

II.     Standard of Review:

A.     Limited Federal Review of Claims Adjudicated in State Court

"When a claim has been adjudicated on the merits in state court, habeas relief is warranted only if the state court proceeding resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Bucklew v. Luebbers, 436 F.3d 1010, 1015 (8th Cir. 2006) (quoting 28 U.S.C. § 2254(d)(1) and (2)); see also Rompilla v. Beard, 545 U.S. 374, 380, 125 S.Ct. 2456, 2462 (2005).

A state court decision is "contrary to" federal law if the state court "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13, 120 S.Ct. 1495 (2000).

A decision is "an unreasonable application" of federal law "if the state court identifies the correct governing legal principle from [the United States Supreme] Court's

2

decisions but unreasonably applies that principle to the facts of the prisoner's case."

*Williams,* 529 U.S. at 413.

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal
> habeas court may not issue the writ simply because that court concludes in
> its independent judgment that the relevant state-court decision applied
> clearly established federal law erroneously or incorrectly. Rather, that
> application must also be unreasonable.

*Siers v. Weber,* 259 F.3d 969, 973 (8th Cir. 2001) (citing *Williams, supra*).  See

also, *Yarborough v. Gentry,* 540 U.S. 1, 5, 124 S.Ct. 1, 4 (2003) (holding that

where a state court's application of federal law is challenged, that application

"must be shown to be not only erroneous but objectively unreasonable.")  "In other

words, it is not enough for us to conclude that, in our independent judgment, we

would have applied federal law differently from the state court; the state court's

application must have been objectively unreasonable."  *Rousan v. Roper,* 436 F.3d

951, 956 (8th Cir. 2006) (citation omitted).

     In addition, in a federal habeas proceeding, a state court's factual findings

are entitled to a presumption of correctness, absent procedural error.  Those

findings may be set aside "only if they are not fairly supported by the record."

*Simmons v. Luebbers,* 299 F.3d 929, 942 (8th Cir. 2002) (quoting *Purkett v. Elem,*

514 U.S. 765, 769, 115 S.Ct. 1769 (1995) and *Middleton v. Roper,* 455 F.3d 838,

845 (8th Cir. 2006)).

B.    Limited Federal Review of Insufficient Evidence Claims

In assessing a habeas petition claiming insufficient evidence to support a state court conviction, the scope of federal review is extremely limited. *Sera v. Norris*, 400 F.3d 538, 543 (8th Cir. 2005) (quoting *Whitehead v. Dormire*, 340 F.3d 532, 536 (8th Cir. 2003)).  It is not relevant whether this Court believes that evidence produced at trial establishes guilt beyond a reasonable doubt. *Id.*  Instead, the Court must determine "whether, after viewing the evidence in the light *most favorable to the prosecution*, any rational  trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781 (1979).

III.    Analysis of Petitioner's Claims:

A.    The Rape Conviction

Petitioner argues that the evidence produced at trial is insufficient to support the rape conviction because the victim was unable to identify him at trial.  This argument fails because the Arkansas Court of Appeals' opinion denying relief is neither "contrary to" federal law as set out by the United States Supreme Court, nor is its opinion "objectively unreasonable."  Viewing the evidence on the record in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of rape beyond a reasonable doubt.

When it reviewed Petitioner's case, the standard of review the Arkansas Court of Appeals used was viewing the evidence in a light most favorable to the State and

considering only the evidence that supported the verdict and whether the evidence supporting the verdict was substantial.  *Stewart*, 88 Ark. App. at 112, 195 S.W.3d at 386. When determining whether the evidence was substantial, the court evaluated whether it was "forceful enough to compel reasonable minds to reach a conclusion without having to resort to speculation or conjecture."  *Id.*

The test applied by the Arkansas Court of Appeals, which is based on state law, does not contradict the reasoning or holding of the United States Supreme Court in *Jackson*, supra.  See *Mitchell v. Esparza*, 540 U.S. 12, 14, 124 S.Ct. 7, 10, (2003) (holding the state court need not cite to, or even be aware of, applicable United States Supreme Court opinions, as long as "neither the reasoning nor the result of the state-court decision contradicts them").  If anything, the standard applied by the Arkansas Court of Appeals is even more favorable to Petitioner than the federal standard because, in *Jackson*, the United States Supreme Court specifically rejected the theory that the prosecution is under an affirmative duty to rule out every hypothesis except that of guilt beyond a reasonable doubt.  *Jackson*, 443 U.S. at 326 see also *Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127 (1954) (rejecting contention that circumstantial evidence must exclude every hypothesis but that of guilt).  Further, the parties do not contend that the United States Supreme Court has addressed a case with facts that are "materially indistinguishable" from those involved here.  Therefore, the Arkansas Court of Appeals'

decision was not "contrary to" applicable United States Supreme Court law under § 2254(d)(1).

"A state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in the state court proceedings' only if it is shown that the state court's presumptively correct factual findings are rebutted by 'clear and convincing evidence' and do not enjoy support in the record." *Sera*, 400 F.3d at 543 (quoting 28 U.S.C. § 2254(e)(1);  Jones v. Luebbers, 359 F.3d 1005, 1011 (8th Cir.2004), cert. denied, 543 U.S. 1027, 125 S.Ct. 670 (2004).

The record here establishes that Petitioner was the supervisor in charge of the night and weekend employees in the medical records department at a hospital.  The victim was employed as a weekend and night-shift medical records clerk at the same hospital.  On the day that the victim began her employment with the hospital, she was introduced to and spoke with Alexander Stewart who wanted to meet her because he was the supervisor of her shift.  The following weekend, when the victim was working alone during the night shift, she received a telephone call from her supervisor who identified himself as Alex. After talking to the victim for a while on the telephone, he said that he was coming in to meet with her and talk with her about her job duties.

Shortly after the telephone call ended, the victim's supervisor arrived and after talking with her for a while, he took her to a chart room, pushed her to the ground and raped her.  The victim reported the rape to the hospital's human resources officer and then

to the hospital police department.  When the victim was asked at trial if she saw the rapist in the courtroom, she was initially unable to recognize the Petitioner.  She did testify, however, that she was sure that the man who raped her was the same person she had met on her first day of work who was introduced to her as Alex Stewart, her supervisor.  (TR. 52, 70)

In addition to the victim's testimony, the State presented the testimony of Adrian Hallaway, a medical director for the hospital, who recognized the Petitioner in the courtroom and positively identified him as Alexander Stewart, the victim's supervisor on the night the rape occurred.  (Tr. 72-73)  Ms. Hallaway also testified that, as a supervisor, the Petitioner had a key to the medical records room door, and Sergeant Gann with the hospital police department testified that several times that night a person either exited the medical records room door or entered it using a key.

Under Arkansas law, identification of the defendant as the perpetrator of a crime is an element in every criminal case.  *Moore v. State*, 297 Ark. 296, 761 S.W.2d 894 (1988).  However, eyewitness identification is not required to support a conviction.  Under Arkansas law, identification can be inferred from all the facts and circumstances in evidence.  *Becker v. State*, 298 Ark. 438, 441, 768 S.W.2d 527, 529 (1989).  The jury is entitled to consider circumstantial evidence just as it would direct evidence.  *Sera*, 400 F.3d at 544 (quoting *United States v. Lam*, 338 F.3d 868, 871 (8th Cir. 2003)).  The jury is asked to use its experience to weigh the evidence and if it is convinced beyond a

7

reasonable doubt, the Court cannot require any more. *Id.* (citing *Holland v. United States*, 348 U.S. at 140).

In this case the jury considered the circumstantial evidence and concluded beyond a reasonable doubt that Petitioner committed the crime of rape.  Even if the evidence could support a conflicting conclusion, the Court must defer to the jury's resolution. *Sera*, 400 F.3d at 547 (citing *Jackson*, 443 U.S. at 326).

The Court of Appeals' decision did not in any way contravene the standards set forth in 28 U.S.C. § 2254(d)(1), and the evidence was sufficient for any reasonable juror to find Petitioner guilty beyond a reasonable doubt.

B.      The Probation Revocation

For his second claim, Petitioner argues that the evidence presented at the probation revocation hearing was insufficient to support a finding that he violated the terms of his probation.  The United States Supreme Court has held that there is a conditional liberty interest created by probation, and the Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the revocation of that interest. *Black v. Romano*, 471 U.S. 606, 105 S.Ct. 2254 (1985) (citing *Bearden v. Georgia*, 461 U.S. 660, 666, and n. 7, 103 S.Ct. 2064, 2069 (1983)).  In order for Probation to be revoked, the State must prove a violation of a condition of probation by only a preponderance of the evidence.  In light of the testimony and evidence presented at the probation revocation

hearing, the Court finds there was sufficient evidence to support the state court's finding that Petitioner violated the conditions of his probation.

IV.   <u>Conclusion</u>:

Petitioner has no sustainable grounds for habeas corpus relief.  Accordingly, this 28 U.S.C. § 2254 petition for writ of habeas corpus (#1) is DISMISSED in its entirety, with prejudice.

IT IS SO ORDERED this 5th day of March, 2007.


_____
UNITED STATES MAGISTRATE JUDGE