# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ALEXANDER STEWART                                                   PETITIONER
ADC # 129524

      VS.                 Case No. 5:05cv00351 BD

LARRY NORRIS, Director
Arkansas Department of Correction                                RESPONDENT

## ORDER

By Order dated March 5, 2007, this Court denied Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction in the Circuit Court of Pulaski County, Arkansas, for the crime of rape.

In his habeas corpus action, Petitioner claimed that he was denied his Fourteenth Amendment due process rights because there was not sufficient evidence produced at trial to support the state court rape conviction or at the probation revocation hearing to support the revocation of his probation. Specifically, Petitioner alleged that the victim's failure to identify the Petitioner during the rape trial rendered the evidence insufficient to convict him of rape and to revoke his probation. Petitioner seeks a Certificate of Appealability (COA) under 28 U.S.C.A. § 2253 so that he may appeal this issue.

The COA statute establishes procedural rules and requires a threshold inquiry into whether the circuit court of appeals may entertain an appeal. *Slack v. McDaniel,* 529 U.S. 473, 482, 120 S.Ct. 1595, 1603 (2000). Title 28 U.S.C. § 2253 limits the right of appeal to cases in which "a circuit justice or judge issues a certificate of appealability . . . in a

habeas corpus proceeding in which the detention arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A).

This Court may issue a COA on Petitioner's claims, but only if he has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Eighth Circuit Court of Appeals held this to be a "modest standard" in *Randolph v. Kemna*, 276 F.3d 401, 403 n. 1 (8th Cir. 2002) (quoting *Charles v. Hickman*, 228 F.3d 981, 982 n. 1 (9th Cir.2000)). The United States Supreme Court has interpreted the "substantial showing" requirement of § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . .

*Slack*, 529 U.S. at 484.

After careful consideration, the Court finds that reasonable jurists would not debate whether there was sufficient evidence to convict the Petitioner of rape and to support revocation of his probation. Under Arkansas law, identification can be inferred from all the facts and circumstances in evidence. *Becker v. State*, 298 Ark. 438, 441, 768 S.W.2d 527, 529 (1989). The jury is entitled to consider circumstantial evidence just as it would direct evidence. *Sera*, 400 F.3d at 544 (quoting *United States v. Lam*, 338 F.3d 868, 871 (8th Cir. 2003)). In this case, there was circumstantial evidence that Petitioner was the rapist, including: (1) the victim's testimony that the person who raped her was her supervisor, Alex Stewart; (2) her supervisor's positive identification of the Petitioner as

2

the victim's supervisor, Alexander Stewart; and (3) her supervisor's testimony that Petitioner was one of a few people with a key to the medical records room where the victim was working at the time of the rape. Given this evidence, reasonable jurists would not debate whether there was sufficient evidence for a jury to convict the Petitioner of rape and to support a revocation of his probation. Accordingly, the Motion for Certificate of Appealability (#15) is DENIED.

      IT IS SO ORDERED, this 10th day of April, 2007.

_____
UNITED STATES MAGISTRATE JUDGE